BRIAN J. STRETCH (CABN 163973)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

MARC PRICE WOLF (CABN 254495)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6488
    FAX: (415) 436-7234
    marc.wolf@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 4:14-MJ-71109 |
|     Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF HEARING DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIOD PURSUANT TO SPEEDY TRIAL ACT AND RULE 5.1 |
|     v. | |
| JULIOUS SCOTT, | |
|     Defendant. | Current Hearing Date:   April 20, 2016<br>Proposed Hearing Date:  April 29, 2016 |

      Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Northern District of California and Assistant United States Attorney Marc Price Wolf, and Defendant Julious Scott (SCOTT), by and through his counsel of record, Jai Gohel, hereby stipulate as follows:

      1.    Defendant is presently charged in a criminal complaint with violations of 18 U.S.C. §§ 922(g), 922(k), and 924(c). Defendant has been arraigned on the criminal complaint. A hearing for arraignment on indictment or information or preliminary hearing is presently set for Wednesday, April 20, 2016.

2.     The government has produced discovery and the parties are exploring the potential for a pre-indictment disposition. Counsel for defendant SCOTT requires additional time to review discovery and negotiate a potential pre-indictment disposition for defendant.

3.     Assistant United States Attorney Marc Price Wolf has recently substituted into the case as lead attorney for Plaintiff, but unfortunately, he will be out of the district and unavailable on April 20, 2016.  Mr. Price Wolf has already spoken at length with defense counsel about the case and the parties are making good progress towards a pre-indictment resolution.  Because of the parties' counsels' schedules, the earliest mutually available date for the next hearing is April 29, 2016

4.     Thus, counsel for defendant SCOTT represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-indictment and/or pre-trial motions, review the discovery already produced and soon to be produced, as well as potential evidence in the case, and prepare for trial in the event that a pre-indictment resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties agree that the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

5.     Defendant represents that he waives his rights 18 U.S.C. § 3161(b) and Federal Rule of Criminal Procedure 5.1 to be charged by information or indictment with the offenses alleged in the pending criminal complaint or have a preliminary hearing on those charges on April 20, 2016, and further represents that he knowingly and voluntarily waives that right and agrees to continue the time to be charged by indictment or information or to have a preliminary hearing to April 29, 2016.

6.     For purposes of computing the date under the Speedy Trial Act and Rule 5.1 by which defendant must be charged by indictment or information or have a preliminary hearing, the parties agree that the time period of April 20, 2016 to April 29, 2016, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) and Rule 5.1 because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of

1  the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of
2  the public and defendant in the filing of an information or indictment within the period specified in 18
3  U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny defense counsel the
4  reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5        7.     Nothing in this stipulation shall preclude a finding that other provisions of the Speedy
6  Trial Act dictate that additional time periods be excluded from the period within which an information
7  or indictment must be filed.

8       IT IS SO STIPULATED.

9  DATED: April 13, 2016                      Respectfully submitted,

10                                     BRIAN J. STRETCH
                                    United States Attorney
11
12                                     /s/
                                    MARC PRICE WOLF
13                                     Assistant United States Attorney

14

15                                     /s/
                                    JAI GOHEL
16                                     Attorney for Defendant Julious Scott

17                              [~~PROPOSED~~] ORDER

18 The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Hearing
19 Date and (2) Findings of Excludable Time Period Pursuant to Speedy Trial Act and Rule 5.1, filed by
20 the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by
21 reference into this Order, demonstrates facts that support a continuance in this matter, and provides good
22 cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 and Rule 5.1
23 of the Federal Rules of Criminal Procedure.

24      The Court further finds that: (i) the ends of justice served by the continuance outweigh the best
25 interest of the public and defendant in the filing of an information or indictment within the time period
26 set forth in 18 U.S.C. § 3161(b); and (ii) failure to grant the continuance would unreasonably deny
27 defense counsel the reasonable time necessary for effective preparation, taking into account the exercise
28 of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

The hearing for arraignment on information or indictment or preliminary hearing in this matter scheduled for April 20, 2016, is continued to 9:30 a.m. on April 29, 2016, before the Duty Magistrate in Oakland.  The time period of April 20, 2016 to April 29, 2016, inclusive, is excluded in computing the time within which an information or indictment must be filed under 18 U.S.C. § 3161(b) pursuant to the provisions of 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv) and Rule 5.1. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an information or indictment must be filed.

IT IS SO ORDERED.

DATED: 4/13/16

HONORABLE KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE